## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JEHAN AGRAMA
259 S Windsor Boulevard
Los Angeles, CA 90004,

        Plaintiff,

    v.

INTERNAL REVENUE SERVICE
1111 Constitution Avenue N.W.
Washington, DC 20224,

        Defendant.

No. 1:16-cv-00751

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), as amended, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from Plaintiff, Jehan Agrama ("Plaintiff"), by Defendant, the Internal Revenue Service ("IRS").

### Jurisdiction and Venue

2.      This Court has subject matter and personal jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, because this is an action to enforce the FOIA.  Venue lies in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

### Parties

3.      Plaintiff, Jehan Agrama, the requester of the agency records that have been improperly withheld, is a resident of Los Angeles County, state of California with a business address at 295 S Windsor Boulevard, Los Angeles, California 90004.

4.      Defendant, the IRS, is a component entity of the Department of Treasury, which is a Department of the Executive Branch of the United States Government.  The IRS has its headquarters in Washington, D.C., within this judicial district.  The IRS is an "agency" within the meaning of 5 U.S.C. § 552(f).  The IRS has possession and control of the records requested by the Plaintiff.

## Factual Background

5.      On October 28, 2015, the IRS issued two (2) letters to Plaintiff entitled "Failure to File Form 5471."  These letters claim Plaintiff had an obligation to file Forms 5471 regarding a foreign corporation, Byram Enterprises Limited for the years 1982 through 2004.  Moreover, these letters propose continuation delinquency penalties under 26 U.S.C. § 6038(b)(2) beginning January 26, 2016, if the subject returns are not filed.  A true and correct copy of these two letters is attached to this Complaint as **Exhibit A**.

6.      On January 22, 2016, the IRS sent a letter to Plaintiff's counsel confirming an extension of the subject 90-day period after which the continuation penalties would accrue, to March 25, 2016.  A copy of the letter confirming this extension is attached as **Exhibit B**.

7.      Pursuant to the above-referenced letters, the penalties will accrue against Plaintiff, depending on the year, at a rate of $1,000 per month up to a maximum of $24,000 or $10,000 per month up to a maximum of $50,000, for each month after March 25, 2016, that the returns are not filed for Byram Enterprises Limited.  These penalties have the potential of accruing up to $855,000.

8.      Plaintiff does not have an ownership interest in Byram Enterprises Limited that would obligate her to file Forms 5471.  The IRS has not provided Plaintiff any

corporate documents, stock certificates or any other similar documents that would show

she has an ownership interest in this foreign corporation.

**FOIA Request**

9.      On February 16, 2016, Plaintiff filed a request for information pursuant to

5 U.S.C. § 552 *et seq.*  A true and correct copy of Plaintiff's FOIA request (redacted in

accordance with LCvR 5.4(f)) is attached to this Complaint as **Exhibit C**.  Plaintiff's FOIA

request made clear that Plaintiff would not consent to any extensions of time to comply with this

request.

10.      On February 26, 2016, Jason Angelotti, Disclosure Manager at the IRS, sent a

letter, a true and correct copy of which is attached as **Exhibit D**, to Plaintiff's counsel stating:

> You asked for copies of multiple documents pertaining to the
> taxpayer's exam file for tax years 1982-2004.
>
> I have researched the taxpayer's account and found no documents
> specifically responsive to your request.

Upon receipt of this letter, Plaintiff's counsel called the IRS and requested Disclosure

Specialist K. Coen to call the revenue agent conducting Plaintiff's penalty investigation to obtain

the requested documents.  The disclosure specialist called the revenue agent and obtained a copy

of the examination file.

11.      On March 7, 2016, Jason Angelotti, Disclosure Manager at the IRS sent another

letter, a true and correct of which is attached as **Exhibit E**, to Plaintiff's counsel stating:

> You asked for copies of multiple documents pertaining to the
> taxpayer's exam file and potential Form 5471 penalty for tax years
> 1982-2004.
>
> Of the 89 pages located in response to your request, I am enclosing
> three pages.  I am withholding 86 pages in full for the following
> reasons:

- FOIA exemption (b)(7)(A) exempts from disclosure records or information compiled for law enforcement purposes, but only to the extent that production of such records could interfere with enforcement proceedings.

  Disclosure of this information is also exempt under FOIA subsection (b)(3) supported by Internal Revenue Code section IRC Section 6103(e)(7), because release would impair federal tax administration.

- FOIA exemption (b)(7)(C) exempts from disclosure personal information in law enforcement records that if released, could reasonably be expected to constitute an unwarranted invasion of personal privacy.

- FOIA exemption (b)(3) requires us to withhold information that is specifically exempted from disclosure by another law. The law supporting this exemption is Title 26 United States Code section 6103.

This constitutes a partial denial of your request.  I have enclosed Notice 393 explaining your appeal rights.

12.     On March 22, 2016, Plaintiff filed an administrative appeal from denial of the

FOIA request, a true and correct copy of which is attached as **Exhibit F**.  This appeal disputes

each and every ground upon which the IRS based its decision to withhold the requested

documents from Plaintiff.

13.     On April 7, 2016, P. Perez, Appeals Team Manager at the IRS, sent a letter, a true

and correct copy of which is attached as **Exhibit G**, to Plaintiff's counsel, upholding the prior

determination to withhold 86 pages from disclosure to Plaintiff.  The reasons given for

withholding these documents are as follows:

> FOIA exemption (b)(7)(A) exempts from disclosure records or information compiled for law enforcement purposes if the production of such law enforcement records could reasonably be expected to interfere with pending or prospective law enforcement proceedings.

* * *

4

FOIA exemption (b)(7)(C) exempts from disclosure records or information compiled for law enforcement purposes to the extent that disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy.

* * *

Under FOIA exemption (b)(3) in conjunction with Internal Revenue Code § 6103, the information you are seeking is the return information of a third party taxpayer.

14.     Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted her administrative remedies with respect to her FOIA request to Defendant.

15.     Defendant has wrongfully withheld the requested records from Plaintiff.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

(1)     Order Defendant to disclose the requested records in their entireties and make copies available to Plaintiff;

(2)     Order Defendant to compile a privilege log in the form of a *Vaughn Index* pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974);

(3)     Award Plaintiff her costs and reasonable attorney's fees incurred in this action; and

(4)     Grant such other relief as the Court may deem just and proper.


Dated: April 22, 2016                          Respectfully submitted,


                                               _/s/ Christopher S. Rizek_____
                                               CHRISTOPHER S. RIZEK
                                               D.C. Bar No. 370796

SCOTT D. MICHEL
D.C. Bar No. 349928

CAPLIN & DRYSDALE, CHARTERED
One Thomas Circle, N.W., Suite 1100
Washington, D.C. 20005
Tel: (202) 862-8852
DENNIS L. PEREZ

HOCHMAN, SALKIN, RETTIG, TOSCHER
& PEREZ, P.C.
*Pro hac vice motion to be submitted*
9150 Wilshire Blvd., Suite 300
Beverly Hills, CA 90212
Tel: (310) 281-3200

Attorneys for Plaintiff