**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

JEHAN AGRAMA,

Plaintiff,

v.

INTERNAL REVENUE SERVICE,

Defendant.

CASE NO. 1:16-cv-751-RMC

**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jehan Agrama requested from the Internal Revenue Service ("IRS"), *inter alia*, documents that were or should be in the examination file such as emails, and any documents reflecting a request for or receipt of information from a foreign jurisdiction. (IRS Statement of Undisputed Material Facts "IRS's Statement" at 1-2.) The IRS searched only two of three likely locations for requested documents, and then withheld four documents by claiming various FOIA exemptions and supported the exemptions by describing all four documents as relating to Ms. Agrama's relationship to a foreign entity. (*Id*. at 9, 11-12.)

As reflected in the IRS's Statement in conjunction with Plaintiff's Statement, Ms. Agrama has demonstrated that the IRS's FOIA search was inadequate as a matter of law. The IRS failed to search for specifically requested documents, namely, those that show how the "rough translation" of an Italian expert witness report ("the Chersicla report") came into the IRS's possession.

Further, the IRS's vague descriptions of the four withheld documents are legally insufficient to demonstrate that the claimed FOIA exemptions apply.

Accordingly, Ms. Agrama is entitled to summary judgment and an order requiring the IRS to conduct a diligent search for records reflecting the receipt of the Chersicla report and to provide a *Vaughn* index that more-specifically describes the withheld documents, pursuant to Federal Rule of Civil Procedure 56.

Dated: December 1, 2016

HOCHMAN SALKIN RETTIG TOSCHER & PEREZ, P.C.

/s/ Dennis L. Perez____________________
DENNIS L. PEREZ
9150 Wilshire Blvd. Suite 300
Beverly Hills, CA 90212
*Attorneys for Plaintiff Jehan Agrama*

CAPLIN & DRYSDALE, CHARTERED

/s/ Christopher S. Rizek_______________
CHRISTOPHER S. RIZEK
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
*Attorneys for Plaintiff Jehan Agrama*

## CERTIFICATE OF SERVICE

I certify that on December 1, 2016, I filed this Motion for Summary Judgment and its attachments and exhibits with the Clerk of Court using the CM/ECF system, which will serve notice of this filing on all parties registered to receive such notice, including defendant's counsel.

/s/ Dennis L. Perez___________
DENNIS L. PEREZ

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| JEHAN AGRAMA,<br>Plaintiff,<br>v.<br>INTERNAL REVENUE SERVICE,<br>Defendant. | CASE NO. 1:16-cv-751-RMC |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jehan Agrama has submitted a memorandum in opposition to the IRS's summary judgment motion, arguing that the IRS is not entitled to summary judgment for two reasons: (1) the IRS failed to show its search was adequate; and (2) the IRS's vague description of the four withheld documents failed to demonstrate why the four withheld documents, which may have been discussed in detail in a previously disclosed expert report by Gabriella Chersicla ("the Chersicla report"), qualify for the claimed FOIA exemptions.

This memorandum in support of her cross-motion for summary judgment presents in abbreviated fashion the same arguments that Plaintiff raised in her memorandum in opposition, which is incorporated by reference to avoid duplication.

## I. FACTS

Plaintiff incorporates by reference both Ms. Agrama's Statement of Undisputed Material Facts ("Plaintiff's Statement") and the IRS's Statement of Undisputed Material Facts ("IRS's

Statement"), other than legal conclusions and hearsay statements highlighted in Plaintiff's Memorandum in Opposition to IRS's Motion for Summary Judgment.

## II. ARGUMENT

### A. LEGAL FRAMEWORK

In a Freedom of Information Act ("FOIA") suit, the agency bears the burden on two required showings: (1) that its search for responsive records was adequate, meaning it used a reasonable search methodology; and (2) any withheld documents fall under a FOIA exemption. *Negley v. F.B.I.*, 825 F. Supp. 2d 63, 68 (D.D.C. 2011).

A FOIA requestor can obtain summary judgment under Fed. R. Civ. P. 56 against an agency if there is no dispute as to any material fact and the requestor demonstrates the agency's search was inadequate as a matter of law. *Charles v. Office of the Armed Forced Med. Exam'r*, 730 F. Supp. 2d 205 (D.D.C. 2010).

Agencies "have a duty to construe a FOIA request liberally when searching for responsive documents," to fulfill FOIA's goal of maximum disclosure. *Id.* at 216 (quoting *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995). Even when the FOIA requestor is moving for summary judgment, any doubts as to the adequacy of a FOIA search are resolved in favor of the requestor. *Charles*, 730 F. Supp. 2d at 215.

1. <u>Adequacy of the Search</u>

When a specific source of information is identified, the agency must search that source. *AFGE, Local 812 v. Broad. Bd. Of Governors*, 711 F. Supp. 2d 139, 153 (D.D.C. 2010). Courts have found agency searches unreasonable where, for example: an agency produced only electronic documents and withheld paper versions of otherwise-responsive documents, *Armstrong v. Executive Office of the President*, 830 F. Supp. 19, 23 (D.D.C. 1993); an agency

excluded electronic databases from its search, *Mayock v. Immigration & Naturalization Serv.*, 714 F. Supp. 1558, 1566 (N.D. Cal. 1989), *rev'd on other grounds*, 938 F.2d 1006 (9th Cir. 1991); and an agency merely provided the names of the searchers and locations being searched, *Shurtleff v. United States EPA*, 991 F. Supp. 2d 1, 11 (D.D.C. 2013).

2. <u>Demonstrating Exemptions Apply</u>

To meet its burden to demonstrate that an exemption applies, an agency must provide a *Vaughn* index and/or declarations sufficient for the Court to conduct a meaningful analysis of the claimed exemptions:

> Although "there is no set formula for a *Vaughn* index," to serve its purpose the listing "must supply "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and *correlating those claims with the particular part of a withheld document to which they apply*." (emphasis in original). It is "the function, not the form, which is important," and the question is whether the particular taxonomy employed "affords the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding."

*Church of Scientology Int'l v. DOJ*, 30 F.3d 224, 231 (1st Cir. 1994) (citations omitted).

With or without the *Vaughn* index, the Court can conduct an *in camera* review in its discretion, if it finds the agent's materials in support of exemption to be too generalized. *Id*. at 233. Where the withheld records are voluminous, courts have approved less-detailed *Vaughn* indexes. *Id*. at 234. "As much as possible should be done openly, however, keeping in mind the goal of advancing adversarial testing of agency decisions. ('Unless the agency discloses as much information as possible without thwarting the [claimed] exemption's purpose . . ., the adversarial process is unnecessarily compromised.')" *Id*. at 234-35 (citation omitted).

**B. THE IRS'S SEARCH WAS INADEQUATE BECAUSE IT FAILED TO SEARCH FOR DOCUMENTS REFLECTING HOW IT RECEIVED THE CHERSICLA REPORT, DESPITE PLAINTIFF'S REQUEST FOR ALL SUCH DOCUMENTS**

The IRS's thorough search of only two of three likely sources of responsive documents – neglecting to contact the IRS's tax attaché and similar sources – is inadequate as a matter of law.

The IRS's Statement details the IRS's FOIA search, which included a search of the IRS's databases and the current audit files. The IRS FOIA employee Ms. Coen appears not to have attempted to contact persons who would know about, as specifically requested, the "receipt of or request for [the Chersicla report], formal or informal, from any jurisdiction [including Italy]. . . ." (IRS's Statement at 2.) It also appears that the examining agents' search of their examination files – which yielded the 116 pages of documents – did not sweep in any documents reflecting the source of the Chersicla report. There was no such document in the 86 disclosed pages, and the IRS's description of the withheld 30 pages reflects that all of the withheld documents relate to Ms. Agrama's purported "relationship to a certain business [Byram Enterprises, Ltd.]," not the audit trail of how the IRS obtained the Chersicla report. (Perez Dec. at ¶ 25; IRS's Statement at 11.)

The IRS has the burden to demonstrate that its search was adequate, meaning that its search methodology was reasonable. *Negley*, 825 F. Supp. 2d at 68. Ms. Agrama's FOIA requests, which are to be construed liberally, included a broad request for any and all examination files relative to the penalties investigation and a narrower request for documents concerning the request for and receipt of documents from foreign governments. *Nation Magazine, Wash. Bureau*, 71 F.3d at 890; IRS's Statement at 1-2. Yet, the IRS only searched its IDRS computer database and the local examination file. Was this adequate?

No. When the FOIA requestor identifies a specific source of information – here, records showing requests for records to and receipt of records from foreign governments – the agency must search that source. *AFGE, Local 812,* 711 F. Supp. 2d at 153. The Chersicla report was prepared for an Italian prosecutor to be used in an Italian criminal case, so the most likely source of the report was the Italian government and the most likely recipient was the IRS's tax attaché. Even if the report came from a non-foreign source, the broader request for all examination files relative to the proposed penalty assessment would sweep in documents concerning how the IRS obtained the Chersicla report. Courts have found an agency's search to be inadequate and unreasonable in less-egregious circumstances. *E.g., Mayock*, 714 F. Supp. at 1558 (agency excluded electronic databases from its search); *Church of Scientology of Cal. v. I.R.S.*, 792 F.2d 146 (D.C. Cir. 1986) (searching all California Scientology files was inadequate where audit files of other Scientology chapters might have had responsive documents). The IRS's search was equally inadequate because it failed to search *any* likely locations for requested documents regarding the receipt of the Chersicla report.

**C. THE IRS'S DESCRIPTION OF THE FOUR WITHHELD DOCUMENTS IS LEGALLY INSUFFICIENT TO DEMONSTRATE THAT THE CLAIMED FOIA EXEMPTIONS APPLY**

Comparing the IRS's description of the four withheld documents, totaling 30 pages, to the descriptions provided in cases such as *Church of Scientology of Cal.*, 792 F.2d 146, reinforces that the IRS's description here falls short of its burden to establish the claimed FOIA exceptions apply. In Ms. Agrama's case, the IRS effectively said nothing more than the documents were relevant – they related to Ms. Agrama's connection to a foreign entity, which is the sole issue in the investigation. There was no information regarding who sent the documents, what type of documents they were, or any other identifying information that would allow Ms.

Agrama "a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding," *Church of Scientology Int'l* 30 F.3d at 231 (citation omitted).

As reflected in cases such as *Church of Scientology of Cal.*, the Court has discretion to order the IRS to provide more information, in the form of a *Vaughn* index or supplemental declarations, regarding the withheld documents. *Id.* Alternatively, the Court could order the IRS to lodge the documents with the Court for an *in camera* review. *Id.*

## III. CONCLUSION

The Court should find the IRS's search was inadequate and that the IRS's declarations have presented insufficient information to support the claimed exemptions. Accordingly, the Court should grant Plaintiff's summary judgment motion and order the IRS to complete a thorough search, including but not limited to sources that will reflect how and why it received the Chersicla report. The Court should also either conduct an *in camera* review or require the IRS to file a *Vaughn* index or supplemental declarations providing sufficient detail about the withheld documents.

Dated: December 1, 2016

HOCHMAN SALKIN RETTIG TOSCHER & PEREZ, P.C.

/s/ Dennis L. Perez____________________
DENNIS L. PEREZ
9150 Wilshire Blvd. Suite 300
Beverly Hills, CA 90212
*Attorneys for Plaintiff Jehan Agrama*

CAPLIN & DRYSDALE, CHARTERED

/s/ Christopher S. Rizek_______________
CHRISTOPHER S. RIZEK
One Thomas Circle, NW, Suite 1100
Washington, DC 20005
*Attorneys for Plaintiff Jehan Agrama*